HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OLUF VEDOY; KURT VEDOY; VEDOY ENTERPRISES, INC., a Washington corporation; and O.K. FISHERIES, INC., a Washington corporation,<br><br>                Plaintiffs,<br><br>        v.<br><br>DANIEL MATTSEN and JANE DOE MATTSEN, his wife and their marital community,<br><br>                Defendant. | Case No. C05-5566 RBL<br><br>ORDER DENYING MOTION TO REMAND |

      This matter comes before the Court on motion to remand the lawsuit back to state court whence it came. In the litigation, plaintiffs allege that defendant intentionally interfered with a business expectancy when, acting as managing member of the entity holding the preferred ship mortgage secured by plaintiffs' fishing vessel, BLUE FIN, he prevented plaintiffs from selling to third parties fishing rights which defendant asserts are included within the preferred mortgage.

      Plaintiffs contend that the tort of intentional interference with business expectancy is a claim arising wholly under state law and should therefore be decided in the Superior Court of Kitsap County, where it was commenced. While plaintiffs' brief statement of the law may be correct, as far as it goes; in this case, the viability of plaintiffs' claim depends on the answer to a question which is uniquely and exclusively federal: does a preferred ship mortgage encompass fishing and crabbing rights issued by a federal agency? See 46 U.S.C. § 31325. If the answer to this question of first impression is affirmative, plaintiffs' claim

must fall.  If the answer is in the negative, then additional issues must be confronted by the Court to determine plaintiffs' right to relief.  In any event, it is clear to this Court that plaintiffs' right to relief depends on resolution of a substantial, disputed federal question.  See *ARCO Environ. Remediation, LLC v. Dept. of Health & Env. Quality of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000).  Plaintiffs conceded as much when, in their "well pleaded complaint," they articulated as an essential element of their claim that "defendant Mattsen, personally or through the attorneys acting under his direction for Shaman Fishing, LLC, either knew or had reason to know by the exercise of reasonable diligence that no lien rights in the fishing permits and licenses granted to the Vedoys personally in January 2000 were obtained in the purchase of the preferred ship mortgages from Key Bank."  Para. 3.12 Complaint for Damages [Dkt. #1; Exh. A3-17].

Plaintiffs' Motion to Remand [Dkt. #5] is hereby **DENIED.**

Dated this 12th day of October, 2005.

*/s/ Ronald B. Leighton*
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE